The Court
(Duckett, J., absent,)
refused to grant a continuance, because the affidavit did not state the sums of money for which the receipts were given, nor the dates, so that the plaintiff could admit or deny the same ; and because the affidavit did not state any circumstances by which the Court could judge whether the defendant had used reasonable diligence in searching for the receipts.
This was an action of indebitatus assumpsit for 207 dollars, for 88§ cords of wood sold, and delivered. There was another count upon indebitatus assumpsit “ for sundry matters properly chargeable in account, as per account filed.” The plaintiff’s witness proved an agreement, by which the defendant was to cut and take away from certain land of the plaintiff’s, all the wood growing thereon, either at the gross sum of eight hundred dollars, or at the rate of three dollars a cord; and if he did not choose to go on and take the whole, he was to pay three dollars and a half a cord for such as he should take. That the defendant was to proceed to cut and take away the wood immediately, without ceasing. That the defendant had three weeks to make his election to take the whole wood at eight hundred dollars or at the rate of three dollars a cord. That he chose the latter, and paid one hundred dollars when he had taken away thirty-three and one third cords. That he did not proceed to take the whole, but desisted after taking eighty-eight and one third cords.
But the Court refused, on the authority of Aubrey v. Aubrey, at Alexandria; and said that where the contract of sale has been executed on the part of the plaintiff, and the agreement on the part of the defendant is to pay money, the plaintiff may maintain indebitatus assumpsit. See the cases cited in Talbot v. Selby, [ante, 181.] Bill of exceptions taken, but no writ of error prosecuted.